# Dudley Moody *vs.* Nathaniel Nichols.

Where the parties agree upon and mark out a line of boundary, and the possession is in accordance with it for such length of time as may give a title by disseizin, the line cannot be disturbed, although found to have been erroneously established, unless there be clear proof that the possession was not adverse.

The declaration of the grantee, made to a third person more than twenty years after the line was agreed on by the parties, that he claimed no more than the number of acres stated in the deed, and that if he had more in his possession it was occasioned by mistake, without any acts of either party, can have no influence upon their rights.

Where land is described in a deed by boundaries on three sides, and is to extend west so far as to include a certain number of acres, and the parties to the deed afterwards agree upon and mark that line, and a fence is erected thereon, and the possession is according to it for many years, and no other line is known between them; and the grantor then makes a deed of land to another person, describing it repeatedly as bounding on that side, upon the west line of land previously sold; no land passes by this deed east of that line.

Exceptions from the Court of Common Pleas, Whitman C. J. presiding.

Trespass *quare clausum* for cutting timber. Plea, general issue. The facts in the case will be understood from the statement of them in the opinion of the Court. The Judge instructed the jury, that the making the deed by *Chandler* in 1805, and sending his surveyor to run out the land to the grantee, and the running it out and marking the west line, and the possession accordingly until the same grantee made his deed in 1835, created a fee in the grantee, which could not be defeated by parol, or by any act proved by the de-

fendant, and that the plaintiff was entitled to recover in this action. To this the defendant excepted.

The case was argued by *R. Williams*, in writing, and *J. H. Williams*, orally, for the defendant, and by *Wells*, in writing, for the plaintiff.

The counsel for the *defendant* argued in support of these propositions :—

1. The legal effect and construction of the deed of 1805, from *Chandler* to *Gilman Moody*, under whom the plaintiff claims, is that the grantee took but one hundred acres ; and therefore the land in controversy is not included.

2. The subsequent survey did not enlarge the extent of the tract described in the deed.

3. The possession and occupancy of the land in dispute, under the facts proved, do not constitute a disseizin and prevent the defendant, claiming under *Chandler* by an after deed, from contesting the extent of the grant to *Gilman Moody*.

4. The acts and declarations of *Gilman Moody* and the plaintiff are competent and admissible to prove, that they did not claim beyond such a line as would make one hundred acres.

They cited *Brown* v. *Gay*, 3 *Greenl.* 126 ; 5 *B. & Ald.* 223 ; 1 *Stark. Ev.* 303 ; *Little* v. *Libby*, 2 *Greenl.* 245 ; 3 *Dane*, 287 ; *Webb* v. *Winslow*, *Cumb. Co.* 1799 ; 3 *Dane*, 398 ; 1 *Story's Eq.* 376 ; 6 *Johns. Ch. R.* 166 ; 1 *Johns. Ch. R.* 354 ; *Hill* v. *Crosby*, 2 *Pick.* 466 ; *Lamb* v. *Cove*, 15 *Wend.* 642 ; *Gove* v. *Richardson*, 4 *Greenl.* 327 ; 3 *East*, 294 ; *Storrs* v. *Barker*, 6 *Johns. Ch. R.* 166.

*Wells*, for the plaintiff.

1. The giving of the deed of one hundred acres ; the survey, and marking of the line by direction of the grantor ; the assent and claim to this line by the grantee, erecting his fence there, and both parties acquiescing for twenty-nine years ; fix that as the line of the land, according to the deed, irrevocably. The marking of the trees at the time of the survey made them monuments, as much as if they had been mentioned in the deed.

2. But if the locus in quo remained in *Chandler*, when he made the second deed, and if that deed included it, nothing passed by it,

as *Chandler* was most clearly disseized at that time. *Hathorn* v. *Haines*, 1 *Greenl.* 238; *Linscott* v. *Fernald*, 5 *Greenl.* 496, in which case *Webb* v. *Winslow* is well doubted to be law.

3. *Gilman Moody's* declarations to a third person were inadmissible; and had they been admissible, they could not have been material. They could not change a line, which had then been fixed for twenty-three years. *Blanchard* v. *Chapman*, 7 *Greenl.* 122; *Little* v. *Libby*, 2 *Greenl.* 242.

4. Nor were the declarations of the plaintiff admissible. At that time he was not the owner of the land. And had he then received his deed, his title would have been perfect, and could not have been transferred by such conversation.

After advisement, the opinion of the Court was drawn up by

SHEPLEY J. — The deed from *John Chandler* to *Gilman Moody*, conveyed one hundred acres and no more. The grantee having sold twenty acres, the remainder during the same or following year was surveyed by the direction of the grantor, and a line was marked on the westerly end of the lot to define its extent. This line was never in dispute between these parties. The grantee erected a brush fence upon it extending nearly across the lot, and has continued it more than twenty years. By this the grantee will acquire a title to the extent of his possession, if there be not proof of his acts or declarations to defeat it. But if the title were so acquired, it would not be by virtue of the rule, that where monuments are named in a conveyance and are afterward erected by the parties to conform to it, such monuments are to be regarded as the ones named in it; but by virtue of a rule equally well established, that the parties may agree upon a line of boundary, and when they have so agreed, and the possession is in accordance with it, such boundary after an acquiescence for so long a time, as to give title by disseizin, will not be disturbed, although found to have been erroneously established, unless there be clear proof that such possession was not adverse. *Jackson* v. *Van Corlear*, 11 *Johns. R.* 123; *Stuyvesant* v. *Dunham*, 9 *Johns. R.* 61; *S. C.* 11 *Johns. R.* 569; *Gove* v. *Richardson*, 4 *Greenl.* 327.

The declaration made by the grantee to the surveyor employed by the town, that if more than eighty acres were found in his lot

he did not claim it, it was a mistake, and he wished it set to the grantor, would not change the possession. It does not appear, that the surveyor then marked any new line, although upon the plan of his survey then made the surplus was designated as the land of the grantor. Nor that the grantor or grantee had any knowledge of, or recognised this act of the surveyor. And without any assent or recognition of these parties it can have no influence upon their rights. It was under these circumstances, that the grantor in 1834 made a deed of conveyance of the adjoining land to the *Andrews,* from whom the defendant derives his title. In that deed the line of boundary commences " on the *west line* of land," sold to *Gilman Moody,* and after the other lines are described, it returns " to the *west line* of land sold to said *Moody,* thence south $22\frac{1}{2}°$ west on the *west line* of said *Moody* land to the place of beginning."

When the grantor conveyed to the *Andrews,* he knew, that no monument or line had been established on the west end of the lot at the time of the first conveyance, and that a line had been afterward agreed upon and marked, and that it had so remained for many years undisputed. The language of the deed is peculiar. Whenever it has reference to the westerly end of the *Moody* lot it speaks of the *west line,* and when to other parts of the lot it is " to *land sold* to *Gilman Moody.*"

It is not reasonable to conclude that such peculiarity, occurring by the use of one phrase twice, and the other thrice in the same deed, was accidental. And if not it indicates the intention of the parties, that the land conveyed to the *Andrews* should be bounded by the " west line," of the *Moody* lot as it had been long agreed upon and established by the parties.

It was decided in *Crosby* v. *Parker,* 4 *Mass. R.* 110, that where a line of boundaries commenced upon " *Joseph Wilson's* land," it must refer to land owned and not to land occupied by *Wilson.* And where one lot is bounded on the line of another lot, which is to be ascertained from monuments, it may not usually be intended to designate any other, than the true line of the lot. But in this case, there was no line on the west end of the lot to which the deed could refer other than the one which had been agreed upon, unless it can be supposed, that the parties had reference to some imaginary line to be ascertained by admeasurement. Taking

into consideration the language of the deed in connexion with the facts proved, such a supposition is inadmissible ; and the intention is apparent, that the land conveyed to the *Andrews* should be bounded by the *Moody* lot, as the west line had been before established.　Such intention must be respected, and the result is, that the defendant acquired no title to the lot upon which he entered, and cannot defend against the plaintiff, who had at least a possessory title, which can be disturbed only by some person exhibiting a better one.

*Exceptions overruled.*