SAMUEL WISWELL *versus* OTIS A. MARSTON.

Where land is described in a deed as "beginning at a stake and stones and southerly corner of" the grantor's "land, thence north 45°, 25' west, formerly 45° N. W., on said" grantor's and H. R's "line, to a cedar stake," &c.; the true corner of the grantor's land is the place of beginning, whether it be identical with the location of the stake and stones mentioned or not; and the true line of the grantor and H. R., is the boundary upon that side.

Neither will it make any difference that the grantor and a former owner of the adjacent land, (now owned by the defendant,) had occupied up to the line indicated by the stakes and stones for ten years; or that, before conveying to the defendant, the plaintiff, with a surveyor, established the stakes and stones as monuments and intended to constitute them the bounds, and the defendant supposed them to be the true bounds when he accepted the deed.

ON EXCEPTIONS from *Nisi Prius,* CUTTING, J., presiding.

TRESPASS. The plaintiff and defendant occupied lands adjoining, and, as the plaintiff contended, separated by a fence on the true line, which the defendant removed. The removal of the fence was the cause of this action.

The defendant received his title from the plaintiff as administrator of Eben Wiswell's estate; and the land, thus

Wiswell *v.* Marston.

conveyed, adjoined the plaintiff's on the north-west side, for a portion of its width, and Mrs. Hannah Rice's, which lay next to plaintiff's. The material language of the deed will be found in the opinion. See diagram.

Joseph Doane's land.

Hannah Rice's land.

Marston's land.

Wiswell's line.

S. Wiswell's land.

A, " southerly corner of S. Wiswell's land ;" S, " stake and stones ;" B, " cedar stake and stones on the north side of a small brook on the southerly side of Joseph Doane's land." The dotted line represents the line surveyed by Freeman.

The plaintiff introduced testimony tending to show that a day or two before he conveyed to the defendant, he informed the latter that he was going to run the line with a surveyor ; that he did run the line with one Freeman, a surveyor, the defendant not being present ; that he and the surveyor put down the points named as stakes and stones for the boundaries ; that they run the course between said points ; hat the true course in a direct line is named in the deed ; that, taking those two points or corners, and running said course as far as the plaintiff's adjoining land was concerned, it would run over and in the line of a fence which defendant removed, and represented by the dotted line ; that it was by the plaintiff designed to be so run and inserted in the deed ; that the plaintiff had occupied up to said fence for eight or ten years prior and up to the date of said deed,

claiming it as his line; that his brother Eben, till he died, claimed and occupied up to said fence on the other side, each acquiescing in it as the true line, at least, as far as said fence extended; that, when the defendant received his deed, said fence was where the plaintiff and his said brother had maintained it; and that the defendant did not then pretend that it was not the true line.

There was also testimony tending to show that the fence line was not the true divisional line between the plaintiff and his brother Eben, the line between them being an old dividing line between two old settlers' lots; and that it was sixteen feet or more over upon land occupied by the plaintiff, to which point the defendant removed and placed the fence.

The plaintiff contended, as a construction of the deed, that, if his testimony was true, the defendant would be bound by the line made by himself and his brother Eben, so far as fenced, between the monuments named as stakes and stones.    But the presiding Judge ruled otherwise; and charged the jury that, by the terms of the deed, the defendant was bounded on the side in question by the line of Samuel Wiswell's and Hannah Rice's land, commencing at the south-east corner of said Samuel's land as it was established by the original survey, under which the parties claimed; and, if said line was variant from the line from the one stake to the other mentioned in the administrator's deed, the original line would govern.    The case was submitted to the jury to determine which was the said line; and the verdict being for the defendant, the plaintiff alleged exceptions.

*J. A. Peters*, in support of the exceptions.

The plaintiff's possession has one element of difference between this and any case relied on by the defendant.  " On said Wiswell's land," meant on land occupied by him.    Occupation is an apparent ownership.    One does not usually know another's title.    Words are not *owned* but " *on* Wiswell's land.    The call would be answered, if on land occupied by him, and then all the calls would be answered.

2. Besides the fence and occupied line being regarded as the true line, is the fact that the defendant supposed the fence to be on the true line, and got all the land which he supposed he was getting.

3. One actual stake and stones were at the head of this fence and the other same direction below. The course is correctly given. The line was by the plaintiff designed to be on the fence, and by the defendant really also. If not the true line, as existing before the deed, it was deemed to be, and the actual position of the true line in doubt. All rules in relation to boundaries have their exceptions. If defendant's construction be adopted it will reject the point of departure, actually placed as the bound; the course recently and accurately run; the second stake, purposely erected for the description; the establishment of the fence; plaintiff's occupation since any occupation was had—and all on one line. If plaintiff's construction is adopted, all these are retained. A deed is to be construed so as to respond to all the calls. *Ricker* v. *Barry*, 36 Maine, 116.

*A. W. Paine*, for the defendant.

Cutting, J.—The plaintiff, as administrator of his brother's estate, under license from the Probate Court, conveyed to the defendant a lot of land situated westerly of, and adjoining his own lot. The material language of the deed is as follows:—

" Beginning at a stake and stones and southerly corner of Samuel Wiswell's land, on the northerly line of John Jameson's land, thence north 45° 25′ west (formerly 45° N. W.) on said Wiswell's and Hannah Rice's line to a cedar stake and stones on the north side of a small brook on the southerly line of Jos. Doane's land," &c.

The plaintiff's lot extended only to his westerly line, which continued northerly constituted the westerly boundary of Hannah Rice's land. This line the jury have found to be the true divisional line of the two lots, and, if they were correctly instructed, their verdict should stand. If the

deed to the defendant fixes a line further westerly, then there would be a strip of land intervening between the plaintiff's lot and the lot conveyed, owned by neither party, but by the heirs of the intestate. Waiving then, for the present, the construction of the descriptive portion of the deed, how can the plaintiff complain of the instructions? They did not authorize the jury to infringe upon the plaintiff's land by passing over his westerly line, but only that defendant's lot was bounded easterly on the same line; that is, in the language of the instructions, "the defendant was bounded on the side in question by the line of Samuel Wiswell, (plaintiff,) and Hannah Rice's land, commencing at the south-east corner of said Samuel's land as said line was established by the original survey." Thus it is presumed that the jury did commence at the south-east corner of the plaintiff's land and run down on the line of his and Hannah Rice's lot.

Neither party contends that the divisional line was not established by the original survey; and the location of that line upon the face of the earth, it was for the jury to determine. The controversy arose in consequence of the plaintiff's endeavor to ascertain and define the line, *ex parte*, before his conveyance, and erecting temporary monuments which he supposed corresponded with it. Such conclusion necessarily results from the description in his deed to the defendant, the construction of which is next to be considered.

The place of starting is the most material point to be ascertained. The deed says:—"Beginning at a stake and stones and southerly corner of Samuel Wiswell's (plaintiff's) land, on the northerly line of John Jameson's land." Hence it is legally to be inferred that the stake and stones and southerly corner refer to the same starting point. If so, then no controversy would have arisen, but, if variant, then the question is, as to which is to control. The rule of law upon this point has been well settled in *Pride* v. *Lunt*, 19 Maine, 115, a leading case in our Reports. There it was decided that,—"where the commencement of a levy is described to be at a stake at the westerly corner of land set off to William Cobb, and that corner can be ascertained,

parol evidence is inadmissible to prove that in fact the stake referred to stood at a different place." And the Court remark,—"The conveyance in this case having declared that the land set off to Boyd does adjoin that set off to Cobb, the parol evidence cannot be received to prove that it does not." So in *Moore* v. *Griffin*, 22 Maine, 350.

Again; if the line did not commence at the southerly corner, but at some other place, it could not run northwesterly "on said Wiswell's and Hannah Rice's line," which is a monument the whole distance, and only terminates "on the southerly line of Joseph Doane's land," that is, where his line meets the other line and thereby forms the northwesterly corner of the defendant's lot. Whether the "cedar stake and stones on the southerly side of a small brook" is identical with the corner monument, and on the Wiswell and Rice line, is immaterial, for, as we have seen, the more permanent and consistent monuments must control.

That the Wiswell and Rice line was designed to be the true line is further inferable, (if any inference be necessary beyond the express language of the deed,) from the course by the compass :—"Thence north 45° 25' west, formerly 45° N. W." How was the variation of the needle ascertained except by reference to the original running?

That the occupation, unless adverse, of such a character, and for a sufficient period of time as to gain title by disseazin, could not control the express language of the deed, is clearly established by the authorities. *Cleveland* v. *Flagg*, 4 Cush., 76 ; *Cowell* v. *Tucker*, 9 Met., 150 ; and *Crosby* v. *Parker*, 4 Mass., 110.

In this case, the rulings were strictly in conformity with the law, and the verdict sustained not only the legal; but the equitable right of each party. They relieved the plaintiff of the fraudulent charge of pretending to sell and convey all of his brother's lot adjoining his own, while at the same time he designed covertly to retain a part for himself.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.