## WALTER CORNELL *vs.* BENJAMIN C. JACKSON.

When A. conveys land to B., " bounded on land of T.," the true line of T.'s land is the boundary of the land conveyed, although A. and T. had previously agreed, by parol, on a different line, and had set up stakes to mark such line, and had afterwards held possession of their respective lands according to such line; and if B. be evicted from the land lying between the true and the agreed line, he has no remedy on A.'s covenant of warranty, unless A., at the time of the conveyance, pointed out the agreed line as the true one.

THIS was an action of covenant broken, commenced on the 9th of July 1844. The plaintiff alleged in his declaration,

that the defendant, on the 29th of May 1827, by his deed of that date, "conveyed to the plaintiff one undivided third part, and all his right, title and interest, being one half of the reversion, after the decease of the defendant's mother, of a certain parcel of land in Boston, described in said deed as follows; viz. beginning at the north side of Orange Place, at the distance of 560 feet from Washington Street, and running westerly to the line of division between the city of Boston and the Mill Dam Corporation, being bounded south by land of Edward Tuckerman ; on the east by land of Joseph Pope, there measuring sixty seven feet and ten inches ; and on the north by land of Joseph P. Tolman." The plaintiff also alleged, in his declaration, that the defendant, in his said deed, covenanted with the plaintiff, (among other things,) "as to that portion of the granted premises which lie immediately next to the land of Joseph Pope, and extending 323 feet therefrom, that he was lawfully seized thereof in fee simple," &c. "and that he would warrant and defend such portion of the granted premises, as is last above described, to the plaintiff, his heirs and assigns forever, against the lawful claims and demands of all persons." The plaintiff further alleged, in his declaration, that the defendant's mother deceased, after the making of said deed, to wit, in the year 1839, and that the plaintiff immediately thereupon entered into possession of said granted premises ; but that he had since been evicted by the Boston and Worcester Rail Road Corporation, of a parcel of said premises, (describing it,) which the defendant covenanted, as aforesaid, to warrant and defend against the lawful claims and demands of all persons ; and that the defendant had not kept his said covenant of warranty, but had broken the same.

At the trial before *Shaw*, C. J. the plaintiff gave evidence of the execution of the deed declared on, and of the death of the defendant's mother in 1839. In order to prove the eviction, as alleged in the plaintiff's declaration, he gave evidence that, about five years before the date of said deed and covenants, the ancestor of the defendant, Johnson Jackson, whose estate was bounded southerly on Edward Tucker-

man, and northerly on Joseph P. Tolman, entered into a parol agreement with those parties, respectively, to ascertain and mark the dividing line, running westerly between their re- spective lands, towards and on to the flats ; that by mutual agreement they ran those lines, and drove down stakes at convenient distances ; that neither of said parties, up to the time of the defendant's deed aforesaid to the plaintiff, had claimed any title or possession beyond those lines; and that such was the state of the land when the aforesaid deed and covenants were made : That by subsequent proceedings in a suit between Mary Tolman and George Sparhawk and others, (5 Met. 469,) the actual line of said Joseph P. Tol- man's lot, as ascertained by the deeds and legal title, was decided to be considerably south of the conventional line, so as aforesaid agreed on by parol; and that the plaintiff had been since evicted from that parcel of land which lies between the conventional and the actual southerly line of the Tol- man lot.

The judge ruled, " that the terms used in the defendant's deed, viz. ' on the north by Joseph P. Tolman,' must be con- strued to mean the land of which said Tolman had title, and not the conventional line agreed on by parol ; although it was supposed, at the time, that the conventional line was the true line of Tolman's title, and although the actual south- erly line of the Tolman land was established long afterwards."

A verdict was then taken for the defendant, by consent, subject to the opinion of the whole court.

*C. P. Curtis & G. G. Hubbard,* for the plaintiff. As the parties were in possession of the land according to the conven- tional lines, the defendant had a right to convey his possessory title, even though he obtained it by disseizin; and he is bound by his covenant of warranty. *Slater* v. *Rawson,* 6 Met. 439. It was his intention to convey the land within those lines, and that intention is to be regarded. *Waterman* v. *John- son,* 13 Pick. 261. *Frost* v. *Spaulding,* 19 Pick. 445. *Moore* v. *Magrath,* Cowp. 9. *Bridge* v. *Wellington,* 1 Mass. 227. *Adams* v. *Frothingham,* 3 Mass. 360 – 362. *Marvin* v *Stone,*

2 Cow. 781. The construction of his deed is not to be affected by facts that occurred subsequently to its execution. *Van Wyck* v. *Wright*, 18 Wend. 157.

If the description of the boundaries in the deed be doubtful on its face, the construction given to it by the parties, and the manner in which the conveyed premises were used by the grantee, are of great weight. *Stone* v. *Clark*, 1 Met. 378. *Weld* v. *Hornby*, 7 East, 199. *Codman* v. *Winslow*, 10 Mass. 149. *Attorney General* v. *Drummond*, 1 Drury & Warren, 353. *Melvin* v. *Proprietors of Locks and Canals*, 5 Met. 15. In the case at bar, all the parties to the conventional lines occupied only the land within those lines, until after the defendant made his deed to the plaintiff.

The case of *Crosby* v. *Parker*, 4 Mass. 110, will be relied on by the defendant. But the grantee, in that case, *did not know that the grantor claimed* the land, for the purchase of which he had previously made a parol contract. The *intention* of the parties was regarded in the decision of that case.

*Sparhawk*, for the defendant, relied on *Crosby* v. *Parker*, 4 Mass. 110.

WILDE, J. This is an action of covenant for the alleged breach of the covenant of warranty in a deed from the defendant to the plaintiff, conveying an undivided third part of a piece of flats from which the plaintiff has been evicted. The case depends on the construction to be given to the description in the deed of the land conveyed. It is bounded on the south by land of Edward Tuckerman, and on the north by land of Joseph P. Tolman ; and the question is, whether the land conveyed was bounded by the actual lines of those two lots of land, or by the conventional lines agreed upon by the parties, as stated in the report of the case. And this question we consider settled by the decision in the case of *Crosby* v. *Parker*, 4 Mass. 110. In that case, the land conveyed was described as bounded on the land of B., who, at the time of the conveyance, owned a piece of land, and had contracted to purchase another piece adjoining, which he occupied as his own, but had received no conveyance of it, although he had paid the

price for it; and it was held that the land conveyed was bounded by the land owned by B., and not by that occupied by him. That case, on the point in question, cannot be distinguished from the present case; and the decision appears to us to be well founded. The conventional lines were not binding on the parties; and although the defendant had, at the time of the conveyance, a constructive possession of his lot, according to those lines, yet he was not the owner beyond the true lines of the adjoining lots.

It has been argued, that it must be presumed that the grantor intended to convey the premises in conformity with the conventional lines, because he supposed, at the time of the conveyance, that those were the true lines; and this may well be. But he also must be presumed not to have intended to convey any part of the adjoining lots, to which he had no valid title. The question therefore is not, what land was supposed to be conveyed, but what land was actually conveyed; and this must be determined by the description in the deed. Now, no reference is there made to these conventional lines; nor does it appear that the plaintiff, at the time of his purchase, had any knowledge of the agreement between the defendant and the proprietors of the adjoining lots. If he had any such knowledge, he should have required a reference to those lines in the description of the land purchased; or, at least, he should be able to prove that the monuments on these lines were pointed out, as indicating the limits of the land purchased, at the time of the sale. Such evidence would be admissible, according to the decision in the case of *Frost* v. *Spaulding*, 19 Pick. 445. But, in the absence of any such proof, we think it clear that when a lot of land is conveyed, describing it as bounded by an adjoining lot, the true dividing line between those lots must be considered as referred to as a boundary of the land conveyed. This being the construction of the deed in question, judgment is to be entered on **the verdict for the defendant.**