[No. 2325, Aug. 12, 1919.]

UNION BANK v. MANDEVILLE.

SYLLABUS BY THE COURT.

1.   A motion for judgment in a case tried to the court, made by defendant at the close of plaintiff's testimony, upon the ground that there was not sufficient evidence to "prove the allegations of the complaint," calls for a declaration of law, and admits all the facts proven by, and all reasonable inferences that could be drawn from, the evidence.     P. 389

2.   A motion for judgment in a case tried to the court, made by defendant at the close of plaintiff's testimony, upon the ground that there was not sufficient evidence to "prove the allegations of the complaint," is in the nature of a demurrer to the evidence, and is governed by the same rules as a like motion made for an instructed verdict in a jury trial, and does not authorize the court to weigh the evidence, nor regard the case as submitted upon the facts proved by the plaintiff, and should be overruled, if, assuming the truth of all facts proven and all reasonable inferences that can be drawn from the evidence, it can be said the plaintiff made out a prima facie case.     P. 390

Appeal from District Court, Dona Ana County; Medler, Judge.

Suit by the Union Bank against William B. Mandeville. Judgment for defendant on defendant's motion

at close of plaintiff's testimony, and plaintiff appeals. Reversed and remanded, with instructions to grant a new trial.

## STATEMENT OF FACTS.

This suit was brought by appellant against appellee (hereinafter referred to as plaintiff and defendant) in the district court of Dona Ana county to recover certain sums of money alleged to have been received by defendant for use and benefit of plaintiff and wrongfully appropriated to his own use while president-of plaintiff bank. At the close of plaintiff's testimony a motion for a judgment for defendant, upon the ground that there was no evidence to establish plaintiff's claim, was sustained by the court, from which judgment the plaintiff appeals.

WADE & TAYLOR, of Las Cruces, for appellant.

MARK B. THOMPSON, of Las Cruces, for appellee.

### OPINION OF THE COURT.

BRICE, District Judge. It is agreed in the brief of each of the parties that there are but two questions to be reviewed here, to wit: (1) Did the plaintiff make out a prima facie case? (2) Did the court err in refusing to require the defendant to testify, on the ground that his testimony would tend to incriminate him? From the view we take of the case it will be necessary to determine only the first issue named, viz.: Did the plaintiff make out a prima facie case?

That part of the motion made by the defendant at the close of plaintiff's testimony, and upon which the judgment of the court sustaining same was based, is as follows:

"Comes now the defendant, at the close of plaintiff's case, and moves for judgment for the defendant, upon the ground that no evidence sufficient to prove the allegations of the complaint has been adduced before the court."

Other grounds for judgment were embodied in the motion, but were not made the basis of the judgment sustaining the motion, nor are they contended for in this court. We therefore do not decide whether or not the commissions sued for can be recovered by the bank, should it appear that its contract with Hand was usurious or illegal.

[1] The motion of defendant at the close of the plaintiff's testimony called for a declaration of law, and not for findings of fact from the evidence introduced in the case. It was in the nature of a demurrer to the evidence, admitting all the facts that the evidence tends to prove and every reasonable inference that could be drawn therefrom. It is governed by the same rules as a motion made for an instructed verdict under like circumstances in a case tried to a jury.

Appellee states in his brief:

"Further than this, the court was not required to believe any witness, and, if he chose to disregard the testimony of any or all the witnesses, under the decisions of this court his verdict will be sustained. 'The verdict of a jury will not be disturbed on appeal, when it is supported by any substantial evidence.' "

Authorities are cited to support the proposition he quotes. We refer to the above erroneous views of counsel, which probably account for the error of the court. However, the case was not submitted upon the evidence of the plaintiff for determination on the facts. Had the motion been overruled, the defendant could still have introduced testimony in his own behalf. The motion, as we have stated, is governed by the same rules that apply to demurrers to the evidence.

"A motion for a declaration of law or for judgment is of the nature of a demurrer to the evidence, and calls only for a declaration of law." Vincent v. Means, 184 Mo. 342, 82 S. W. 96; First National Bank v. Bank, 152 Ill. 296, 38 N. E. 739, 26 L. R. A. 289, 43 Am. St. Rep. 247.

"In considering and deciding a demurrer to plaintiff's evidence in a case tried to the court, the same rule obtains as in cases tried to a jury. The court cannot weigh conflicting evi-

dence, nor regard the case as though submitted by the defendant on plaintiff's showing, but must consider as true all portions of the evidence which tend to prove the allegations of the petition." Wehe v. Mood, 68 Kan. 373, 75 Pac. 476; Wolf v. Washer, 32 Kan. 533, 4 Pac. 1036; 38 Cyc. 1945.

[2] If there was substantial evidence to support a judgment for the plaintiff, the motion should not have been sustained; and we will review the evidence, assuming the truth of all facts proven and all reasonable inferences that can be drawn from the evidence, and determine whether or not, from such facts and inferences, the motion for judgment for the defendant could upon any proper theory have been sustained. Under these rules, we find the facts which could have been found to be as follows:

The defendant was president of the plaintiff bank during the time of the transactions upon which the suit is based. The plaintiff was a banking corporation, transacting its business at Las Cruces. The defendant loaned one Hand $8,000 in behalf of the bank, under an agreement with Hand to pay defendant a commission of 2 per cent., or $160, besides 10 per cent. interest on the loan. This money was taken out of a part of the proceeds of the loan, and placed to defendant's credit on the books of plaintiff, and used by defendant. There are other transactions of like character that it is unnecessary to go into. This money, under the above facts, would legitimately belong to the bank, and would be wrongfully appropriated to the use of the defendant while acting as its president and in control of its affairs.

"As a general rule it is a breach of good faith and loyalty to the principal for an agent, while the agency exists, so to deal with the subject-matter thereof, or with information acquired during the course of the agency, as to make a profit out of it himself in excess of his lawful compensation; and if he does so he may be held as a trustee, and may be held to account to his principal for all profits, advantages, rights, or privileges acquired by him in such dealings, whether in performance or in violation of his duties, and be required to transfer them to his principal upon being reimbursed for his expenditures for the same, unless the principal has consented to or ratified the transaction, knowing that the benefit or profit would accrue or had accrued to the agent, or unless

with such knowledge he has allowed such agent to change his condition so that he cannot be put in statu quo. The application of this rule is not affected by the fact that the principal did not suffer any injury by reason of the agent's dealings, or that he in fact obtained better results, nor is it affected by the fact that there was a usage or custom to the contrary." 2 C. J. 697.

The above authority sets out the general principles, and the case of Whitehead v. Lynn, 20 Colo. App. 55, 76 Pac. 1120, applies them to the case being considered, from which we quote:

"As to the second cause of action, if we accept the testimony of plaintiff—which we do for the purpose of this ruling—Whitehead was her agent, authorized to loan her money to the borrower, Brooks. Under this agency Whitehead loaned him $700 of her money; he agreeing to pay as interest therefor 2 per cent. per annum for three years, payable in advance, and 8 per cent. per annum  ÷  *  *  to be evidenced by the note. He gave the note as agreed, and paid the 2 per cent. for three years, amounting to $42, to Whitehead, who retained it. Whitehead never advised his principal that he had collected such interest. Whitehead was the agent for the plaintiff, according to her testimony, in making this loan, and any interest that the borrower agreed to pay for the loan belonged to her. Whitehead was not at liberty to make a profit for himself in this transaction by taking a part of the interest."

See, also, Cartwright v. Trust Co., p. 127 et seq.

The fact that defendant called the 2 per cent. he retained in this case "commissions" would not affect the right of the plaintiff to recover.

The cause should be reversed and remanded, with instructions to grant a new trial; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.