## DAVIS v. CURRY.

No. 30295. Dec. 8, 1942.

Rehearing Denied Jan. 26, 1943.

*133 P. 2d 186.*

Sigler & Jackson, of Ardmore, and N. E. Ticer, of Wilson, for plaintiff in error.

Dolman, Dyer & Dolman, of Ardmore, for defendant in error.

ARNOLD, J. This action was brought in the district court of Carter county on the 28th day of April, 1934.

Thereafter the plaintiff filed what he designated "2nd Amended Petition." As a matter of fact, this petition is complete and is a substitute petition and trial was had thereon. Therein it was alleged that on the 2nd day of May,

1929, the defendant Sewell was conducting an automobile business in the city of Wilson, Carter county, Okla.; that it became necessary for Sewell to secure money to pay for new cars when they were received and to secure some one who would buy the notes and mortgages which Sewell would take when he sold the cars; that the plaintiff agreed to furnish necessary finances for such purposes upon the condition that Sewell's sister, Mrs. Grace Heenan, now Curry, would guarantee said transactions between plaintiff and Sewell; that Grace Heenan, now Curry, executed and delivered her promissory note for $1,000 to the plaintiff, providing interest and a reasonable attorney fee for the collection thereof; that said note was given as a bond for the purpose of indemnifying the plaintiff against loss on any money advanced to the defendant Sewell either as a loan or as the purchase price of notes indorsed by Sewell in furtherance of the agreement between Davis and Sewell; that in compliance with said agreement the plaintiff loaned Sewell the sum of $1,150 and took his note therefor secured by a mortgage on certain automobiles then in the possession of Sewell; that Sewell sold the automobiles and appropriated the money to his own use; that said note was never paid; that the bond of Sewell's co-defendant, Grace Heenan, now Curry, had been forfeited by the default of Sewell, and her liability thereon had become fixed.

Plaintiff further alleged that during the time of said business relationship he bought various and sundry notes from Sewell which were indorsed with recourse; that such notes amounted to more than $1,000; that Sewell abandoned the business and left the State of Oklahoma without making any attempt to collect such notes or pay the amounts thereof to the plaintiff; that under the written agreement between them Sewell was obligated to pay to the plaintiff all notes indorsed to the plaintiff by him which were past due more than 30 days; that the contract between plaintiff and Sewell was lost; notice was inserted in the petition that unless same was produced parol evidence would be introduced to establish the conditions thereof. All the written instruments referred to in the petition were attached thereto as exhibits. Plaintiff prayed judgment against Grace Heenan, now Curry, for the sum of $1,485 with interest thereon at the rate of 6%.

Grace Heenan, now Curry, answered by way of general denial, but specifically admitted signing the note alleged to have been signed by her; in this connection she alleged that said note was intended, by verbal agreement, to be in the nature of a bond, and given for the purpose of guaranteeing to the plaintiff that the defendant Sewell would account to plaintiff for any collections made or notes indorsed to the plaintiff by Sewell where payments were made direct to Sewell; that the terms and conditions of said bond were not broken, and there was no liability thereon. She further alleged that the plaintiff, in an effort to reach an understanding with the defendant Sewell relative to his claim against her and Sewell, obtained from Sewell the following letter:

"Gilmer, Texas,
"April 19, 1934.

"Mr. A. D. Davis,
"Wilson, Oklahoma.

"Dear Mr. Davis:

"I am writing you this letter regarding my indebtedness to you. I acknowledge that I owe you one note in the principal sum of $1150.00, dated in the year 1929. I also owe you the following sums on the following car deals, which you agreed to carry for me, and which payment I guaranteed, viz:

| | |
|---|---|
| C. W. Graham | $65.00 |
| Jim Guantt | 200.00 |
| R. G. Carriker | 200.00 |
| W. E. Posey | 142.44 |
| R. D. Sanders | 245.43 |
| A. M. Maxwell | 220.00 |
| Leonard J. Peden | 120.00 |

"—the last mentioned obligations totaling $1192.87 in addition to the note of $1150.00.

"I am paying you herewith $1.00 on the $1150.00 note and $1.00 on each of the other items. I justly owe you the sum of money provided for in the $1150.00 note and the sum or sums of money provided for in each of the obligations hereinabove set out, and agree to pay same as soon as I possibly can. The indebtedness above mentioned are my own personal obligations, and no one else is responsible therefor.

"Yours truly,
"C. M. Sewell."

She alleged that the foregoing letter was, and constituted, an "account stated," and the plaintiff is estopped to deny any of the terms of said written instrument; that by said letter Davis extended the time of payment of the obligation of Sewell; that this letter altered the obligation of Sewell and the rights and remedies of Davis without her consent; that for these reasons she was exonerated from all liability.

Further answering, the defendant alleged that the indemnifying contract set forth by the plaintiff was one to answer for the debt, default, or miscarriage of another party; that same, not being in writing, was within the statute of frauds, void and unenforceable.

Upon a former appeal of this cause (Heenan v. Davis, 182 Okla. 237, 77 P. 2d 78) we reversed the judgment which had theretofore been obtained by A. D. Davis, hereinafter referred to as plaintiff, against Grace Heenan, now Curry, hereinafter referred to as defendant, and remanded the cause for a new trial.

At the trial Davis testified as to the conditions of the written agreement between himself and Sewell, principal debtor, and Grace Heenan, now Curry, guarantor. On cross-examination he admitted that he went to Texas and procured the letter from Sewell hereinbefore set forth; said letter was offered and received in evidence, without objection, as a part of the cross-examination of the plaintiff. At the close of plaintiff's testimony a demurrer was interposed thereto and by the court sustained and judgment rendered in favor of the defendant Curry.

This appeal is prosecuted, and reversal sought, on three assignments of error. (1) The court erred in sustaining the demurrer to the testimony of plaintiff. (2) All legal questions in the present appeal were disposed of by the decision in the former appeal. (3) "'The letter written by Sewell to Davis in no way changed or altered the liability of Sewell to Davis and in no way could have changed the liability of the surety."

Before discussing the sufficiency of the testimony of the plaintiff as to the contention of the defendant that as the suit was on a guaranty there was not sufficient memorandum thereof to take it without the statute of frauds, Davis testified that the contract between himself, as creditor, and Sewell, as debtor, and Curry, as guarantor, was in writing, but had been lost; he also testified that the contract guaranteed him against any loss. On cross-examination he admitted that he sought and procured the foregoing letter from Sewell and that same was introduced as a part of his cross-examination. The testimony of Davis in the foregoing respects was very similar to that offered in the former trial and which was before us on the former appeal, wherein we said:

"Counsel for Mrs. Heenan examined Davis at length as to this alleged contract, seeking to show that Davis was mistaken. He again averred, however, that his guarantee covered all the transactions of the automobile business in which Sewell was engaging. His testimony was badly shaken and soundly disputed, but its credibility was for the jury."

Sufficient proof having been made of the allegedly lost instrument in question, the position of the defendant as to the statute of frauds is untenable.

Where the evidence of the plaintiff is sufficient to support a verdict and judgment in his favor upon a cause of action pleaded by him, it is error to sustain a demurrer to such evidence. In

determining the sufficiency of the plaintiff's testimony to withstand demurrer, all reasonable inferences and deductions must be indulged in his favor and any testimony unfavorable to him should be excluded. See National Life & Accident Ins. Co. v. Roberson, 180 Okla. 265, 68 P. 2d 796; Carver Chiropractic College v. Armstrong, 103 Okla. 123, 229 P. 641.

It is obvious that the testimony of Davis hereinbefore detailed, under the foregoing rule, had at least a reasonable tendency to support his contention that the contract of guarantee or bond of guarantee sued on was in writing and signed by the guarantor, and that by the terms thereof he was guaranteed against any loss by reason of his business transactions with the principal debtor.

It is contended, however, by the defendant that the demurrer should have been sustained because in our former opinion we held that the foregoing letter constituted an "account stated" and became a new obligation, taking the place of the prior accounts. In the former opinion we did say:

"The account stated constituted a new agreement, became a new obligation and took the place of the prior account. Williams v. Casparis Bros., 113 Okla. 51, 238 P. 438. In the absence of fraud or mistake, not pleaded here, Davis, by accepting the written contract, became bound by its recitals. Brown v. Connecticut Fire Ins. Co., 52 Okla. 392, 153 P. 173."

In this connection it is urged by the defendant that a guarantor cannot be held liable on his guarantee against loss on guaranteed accounts if an account stated has been agreed upon by the creditor and debtor without her assent, and that we committed ourselves by the foregoing language in the former opinion to the legal proposition that the quoted letter constituted an account stated; that applying the rule of "law of the case," this being the same letter as was before the court in the former appeal, it should now be held for this reason that the plaintiff's testimony showed an absence of liability on the part of the guarantor. The rule stated by the defendant is not available to her under the state of this record for the very pertinent reason that the evidence does not disclose whether or not the defendant Curry assented to the letter. All the cases cited by the defendant in support of her proposition that an account stated relieves the guarantor and her proposition that an extension of time, because detrimental, relieves the guarantor, are cases in which there was a showing of no assent thereto by the guarantor. Defendant further contends in this connection, emphasizing the feature of nonliability as to the guarantor, that the foregoing so-called account stated provided an extension of time in which the debtor might pay which was detrimental to the defendant guarantor, thereby altering the obligation of Sewell and the rights and remedies of Davis; that for all these reasons she is exonerated from liability.

It will be noted that we also held in the former opinion that:

"Davis so pleaded that he might be considered in one way to be relying on the original obligations, in another on an account stated. If the former, Mrs. Heenan had the right to have his transactions with his debtor in evidence, including all the statements in the letter, so that the jury under appropriate instructions could determine whether Davis accepted the terms thereof or agreed to the construction of the contract as stated by Sewell. If the latter, then, if the jury found Davis had accepted an account stated, as set forth, and was suing thereon, the jury should be appropriately instructed as to the guarantor's nonliability on the new agreement."

So it will be noted that in the former appeal we apparently could not tell from the state of Davis' petition whether he relied on the original obligation or accounts representing the various automobile transactions between him and the principal debtor or on the account stated. We did not hold in the former opinion that an account stated, without assent of the guarantor,

would or does relieve the guarantor of any liability on his guarantee, nor did we hold therein that an extension of time, such as the one herein allegedly pointed out, would constitute a material alteration, or for any reason relieve the guarantor.

We specifically reserve ruling on these issues herein, as a ruling thereon now would be inappropriate for the reason that this appeal is to test the sufficiency of the testimony in support of plaintiff's petition alleging only the written contract between himself, as creditor, Sewell, as principal debtor, and defendant Curry, as guarantor, and for the further obvious reason that the foregoing letter and all testimony relative thereto should have been excluded by the trial judge in determining whether or not the demurrer to the evidence should have been sustained.

Reversed and remanded for a new trial.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. CORN, V. C. J., and RILEY, J., absent.