287 P.2d 235

Floyd GOODGION, Plaintiff-Appellee,

v.

COMMERCIAL INSURANCE COMPANY, Defendant-Appellant.

No. 5939.

Supreme Court of New Mexico.

Aug. 23, 1955.

**40**

Wesley Quinn, Lewis C. Cox, Jr., Clovis, for appellant.

Hartley & Buzzard, Clovis, for appellee.

LUJAN, Justice.

Floyd Goodgion (appellee) recovered a judgment against the Commercial Insurance Company of Amarillo, Texas (appellant), for the sum of $1,150 for the loss of a 1952 house trailer by theft and which loss appellee alleged was covered by an insurance policy issued by the appellant company to him. He claims that under coverage D-Theft (Broad Form) of said policy the defendant company insured against loss of or damage to the house trailer by theft, larceny, robbery or pilferage. Defendant answered, claiming that appellee had either conveyed the trailer house and it was no longer owned by him, or alternatively it was subject to either a bailment, lien or conditional sale not specifically described and declared in the policy and coverage was excluded under the terms of said policy.

This case was tried to the court without a jury and the issues, as framed, were resolved in favor of appellee, hence the appeal.

▆ The court was not requested to make findings of fact or conclusions of law, and no tendered findings of any kind whatsoever, by either party, were presented to the court. No specific findings of fact or conclusions of law were made by the court.

Only a general finding was stated, namely, that the court "finds the issues in favor of the plaintiff and against the defendant," and a judgment was entered, granting appellee the relief prayed for in the complaint. The only exception taken was as follows: "To which the defendant excepts."

Regarding an exception of this nature, Mr. Justice Parker speaking for the court, in Fullen v. Fullen, 21 N.M. 212, 153 P. 294, 297, held that it conveyed "no intimation that the decree was erroneous, or, if so, upon what ground", and we reaffirm that holding. The exception there was: " 'To which decree, judgment, and orders defendant then and there duly excepts.' "

▆ In the case of Garcia v. Chavez, 54 N.M. 22, 212 P.2d 1052, as here, no specific findings of fact or conclusions of law were made by the court, and none were requested or tendered by either party, and we quoted affirmatively from Alexander Hamilton Institute v. Smith, 35 N.M. 30, 289 P. 596, as follows:

" 'Most of appellant's assignments of errors resolve themselves into this, that the judgment should have been for the defendant on the evidence. But it was for the district judge, and not for this court to determine what conclusions the evidence would warrant. If the defendant desired a review of the whole case in this court, he should have had the facts found, as well as the conclusions of law dependent upon them, and

we could then have determined whether the conclusions were well founded. This court sits, not to try cases de novo, but as a court for the correction of errors. (citing cases).'"

This case is controlled by our decisions in the above cited cases. See, also, Veale v. Eavenson, 52 N.M. 102, 192 P.2d 312.

The judgment is affirmed.

It is so ordered.

COMPTON, C. J., and SADLER, McGHEE, and KIKER, JJ., concur.