329 P.2d 435

Juan V. OLIVAS, Plaintiff-Appellee,

v.

Virginia GARCIA, Defendant-Appellant.

No. 6382.

Supreme Court of New Mexico.

Aug. 25, 1958.

Charles B. Barker, Santa Fe, for appellant.

Samuel Z. Montoya, Santa Fe, for appellee.

LUJAN, Chief Justice.

This controversy involves a dispute as to a boundary line between adjoining tracts of land owned by appellant and appellee. These tracts adjoin on the eastern boundary of appellant's property. There is no dispute as to the location of the southeast corner of appellant's tract. The controversy is in regard to the eastern boundary line of appellant's tract after starting at this undisputed point. The land in question is a triangular area containing some $\frac{1}{200}$ of an acre.

Appellant's claim to the triangular area in question is based upon a deed to her from Florian Garcia and wife dated May 12, 1927. This deed describes the property conveyed as follows:

"A certain tract of land or real property its measurements being as follows: From north to south 50 feet, from east to west 129 feet and its boundaries bounded on the north with property of Juan Ramirez on the south with the property of Andres Rivera on the east with property of Willie Cortez and on the west with property of Severo Garcia."

It is not clear why this tract was described as bounded on the east by the property of Willie Cortez since at the time of the conveyance to appellant, Florian Garcia had not yet conveyed the tract to the east to Cortez. He did convey this tract to Cortez in 1928 and thereafter (in 1941) appellee became the owner of the tract.

This action was originally instituted by appellee who filed a complaint in the nature

of ejectment alleging title to the triangular area. in question. Appellant then filed a cross-complaint alleging ownership of this disputed area. Appellee dismissed his complaint and the cause went to trial upon appellant's cross-complaint. During the trial below appellee introduced one exhibit into evidence (an abstract of title to his property) while appellant was putting on her case-in-chief. At the close of appellant's case the trial court dismissed the cross-complaint on the ground that appellant "had shown no right to relief and had failed to prove a sufficient case." Neither appellant nor appellee requested findings of fact or conclusions of law and the court made none.

■ Appellant contends, correctly we believe, that the motion for dismissal at the close of her case should be treated as was the old demurrer to the evidence, and that appellee did not thereby submit his entire case on appellant's evidence. Union Bank v. Mandeville, 25 N.M. 387, 183 P. 394; Telman v. Galles, 41 N.M. 56, 63 P. 2d 1049; Merchants Bank v. Dunn, 41 N.M. 432, 70 P.2d 760; Paulos v. Janetakos, 41 N.M. 534, 72 P.2d 1; Sanchez v. Torres, 35 N.M. 383, 298 P. 408; Mansfield v. Reserve Oil Company, 38 N.M. 187, 29 P.2d 491; Pankey v. Hot Springs National Bank, 46 N.M. 10, 119 P.2d 636; Primus v. City of Hot Springs, 57 N.M. 190, 256 P.2d 1065; Carney v. McGinnis, 63 N.M. 439, 321 P.2d 626.

Appellee on the other hand views this case as one decided on the merits, presumably because he introduced an abstract into evidence out of order while appellant was putting on her case. Thus he urges that the failure of appellant to submit findings of fact and conclusions of law leaves nothing for this court to review, citing Alexander Hamilton Institute v. Smith, 35 N. M. 30, 289 P. 596; Winston v. Allison, 36 N.M. 120, 9 P.2d 384; Damon v. Carmean, 44 N.M. 458, 104 P.2d 735; Veale v. Eavenson, 52 N.M. 102, 192 P.2d 312; Lillibridge v. Coulter, 52 N.M. 105, 192 P.2d 315; Garcia v. Chavez, 54 N.M. 22, 212 P.2d 1052; Gilmore v. Baldwin, 59 N.M. 51, 278 P.2d 790; Goodgion v. Commercial Insurance Co., 60 N.M. 39, 287 P. 2d 235. This line of cases is not controlling in the instant case where the complaint was dismissed at the conclusion of appellant's evidence. It is true that in the case of Gilmore v. Baldwin, supra, this court was dealing with a situation where the complaint was dismissed at the close of the plaintiff's case. But in that case the error assigned by appellant was the refusal of the trial court to give his requested findings of fact and conclusions of law. We have no such situation here.

■ Appellee's motion to dismiss at the close of appellant's case called for a declaration of law rather than for findings of fact from the evidence introduced. Union Bank v. Mandeville, supra. The question

of law is whether appellant's testimony together with all reasonable inferences to be deduced therefrom made out a *prima facie* case which would support a judgment. Telman v. Galles, supra.

The above rule is applicable notwithstanding the fact that appellee introduced the abstract into evidence while appellant was putting on her case-in-chief. When faced with a similar situation in the case of Duck v. Selected Investments Corporation, 196 Okl. 547, 167 P.2d 54, 56, the Oklahoma court stated as follows:

"Documentary evidence relied on by the defendant in his answer, though identified and offered in evidence while plaintiff is on the witness stand, and though it tends to establish the defense pleaded, is considered as withdrawn in testing the sufficiency of plaintiff's evidence to withstand defendant's demurrer thereto." Davis v. Curry, 192 Okl. 32, 133 P.2d 186. See Carney v. McGinnis, supra, and Merchants Bank v. Dunn, supra.

[3] Reviewing the evidence presented by appellant in the light most favorable to her, and ignoring the evidence against her contained in the abstract introduced by appellee, we are constrained to hold that she failed to make out a *prima facie* case.

Appellant introduced into evidence a deed to her tract of land from Florian Garcia, and she states that she relies solely on this instrument to establish her title to the disputed area. However, appellant claims that her northern boundary is 138.-73 feet in length, while the call in the deed is for 129 feet. In this connection appellant states as follows:

"It is true that the length of the northern boundary line of the land claimed by appellant is shown on the map (survey plat) to be 9.73 feet longer than the 129 feet called for by the deed. However, the stated length in this line must give way to the fixed boundaries as mentioned in the deed."

We find no "fixed" eastern boundary described in the deed. The deed from Florian Garcia to appellant described the tract as bounded on the east by the property of Willie Cortez. Yet at the time of this conveyance to appellant the adjoining tract to the east had not been conveyed to Cortez. It was still owned by appellant's grantor, Florian Garcia. Obviously then, this reference in appellant's deed to the property of Willie Cortez could not establish the eastern boundary of appellant's tract. Further, if there are conflicting calls in a deed—one for distance, the other for an adjoining tract of a named person—the latter prevails only if the person named actually owns the adjoining tract. Crosby v. Parker, 4 Mass. 110; Cornell v. Jackson, 9 Metc. 150, 50 Mass. 150; 6 Thompson on Real Property § 3334 (1940). Since Cortez owned no

tract to the east at the time appellant was deeded her tract, this call for the eastern boundary to be the property of Willie Cortez is a nullity, and the call for distance controls.

Appellant presented testimony that shortly after she acquired her tract in 1927 a fence was erected substantially along the line she claims as the eastern boundary of her tract and that such fence remained in existence for some fifteen to twenty years. Appellant also introduced a survey plat into evidence which shows a common boundary between the two tracts along this fence line. This is to be expected since the surveyor testified that he followed the line where the fence had stood in determining the eastern boundary of appellant's tract.

Appellant states the following in her brief:

"The fact that the actual length of the northern boundary is 9.75 feet longer than the length called for in the deed is of no consequence since the stated length in the deed must give way to artificial marks and the adjacent boundaries."

As a general proposition of law a call for an artificial monument or mark prevails over a call for distance *where there is an inconsistency between the calls*. Burby on Real Property p. 461 (1954); 6 Thompson on Real Property § 3327 (1940). But this rule has no application here. Appellant's deed contains no call whatever for an artificial mark, while it does contain a call for an east-west distance of 129 feet.

This case does not fall within the doctrine that a boundary line may be established between abutting tracts by long acquiescence. Woodburn v. Grimes, 58 N.M. 717, 275 P.2d 850. Appellant repeatedly stated that she relied solely on her deed to support her claim to the disputed area, and, as pointed out above, the deed fails entirely to support her claim. In addition, appellant's own testimony on *direct* examination establishes that her tract was not actually contiguous with appellee's tract until 1951 when Florian Garcia conveyed the triangular area in question to appellee. See Hunter v. Malone, 49 Tex.Civ.App. 116, 108 S.W. 709. Appellant's own evidence establishes that the fence was removed shortly after this date.

Appellant failed to make out a *prima facie* case and the judgment is affirmed.

It is so ordered.

COMPTON and SHILLINGLAW, JJ., concur.

SADLER and McGHEE, JJ., not participating.