752 P.2d 1107

Eufemia S. MAESTAS,
Plaintiff–Appellee,

v.

Agueda S. MARTINEZ,
Defendant–Appellant.

No. 9359.

Court of Appeals of New Mexico.

March 10, 1988.

James G. Whitley, Jones, Gallegos, Snead & Wertheim, P.A., Santa Fe, for plaintiff-appellee.

John M. Roybal, Espanola, for defendant-appellant.

## OPINION

MINZNER, Judge.

Defendant appeals the district court's decision equally dividing title to a 6.7 acre tract (the disputed tract) between plaintiff and defendant. Plaintiff cross-appeals. The disputed tract originally belonged to Pedro Salazar (the grantor), who was defendant's father and plaintiff's grandfather; having executed a will in favor of his four children, he thereafter attempted to convey all of his property by deeds in favor of the children. Defendant contends the district court erred in construing her deed because the court failed to apply the rule of construction that prefers a call to an adjacent boundary over a call for distance. Plaintiff contends the district court erred in construing all four deeds because the court did not apply the doctrine of satisfaction by ademption. We affirm.

BACKGROUND.

The property of which the disputed tract is a portion originally consisted of 36 acres. The deed conveying this property in 1919 to the grantor stated that the parcel was 231 yards wide from north to south. There was evidence at trial that the property was actually wider. The Chama River generally lies to the west and a county road generally lies to the east.

In 1926, the grantor conveyed by deed the southernmost 90 yards of his property to his son, Gregorio Salazar. In 1951, the grantor made a will, in which he gave his residence and one half of his real property to defendant, "if she * * * takes care of me, dresses me, feeds me and gives me suitable lodging and pays all the funeral costs * * *." He gave the other half to his "other heirs, Gregorio P. Salazar, Angelita S. Talamante, and Ignacita Salazar, so that it may be divided by them, as brother and sisters, in equal parts * * *." He gave all his personal property to Gregorio.

In 1952, when he was very ill, the grantor executed four deeds. Each deed conveyed a portion of his remaining property to one of the children and described a parcel bounded on the east by the public road and on the west by the Rio de Chama.

The deed to Gregorio described the property it conveyed to him as 15 yards and 2 feet wide, and named as its northern boundary the adjoining property of the unrelated landowner, Santiago Herrera. That boundary is known and not in dispute. The deed described the southern boundary as property conveyed to Angela Salazar Talamante. The deed to Angela described the property conveyed to her as 15 yards wide, bounded on the north by property conveyed to Gregorio and bounded on the south by property conveyed to Ignacia Salazar Martinez. The deed to Ignacia describes her property as 15 yards wide, bounded on the north by property conveyed to Angela Salazar Talamante and on the south by property conveyed to defendant.

After Gregorio's death, plaintiff, who is his daughter, succeeded to the interests of her father. She also succeeded to the interest of the grantor's other two children.

The deed to defendant describes the parcel conveyed to her as 73 yards wide, beginning at the northern border of the 90 yards conveyed to Gregorio in 1926. The deed further describes the property conveyed to defendant as bounded on the north by property conveyed to Ignacia Salazar.

The total yardage stated in the 1926 deed to Gregorio and the four deeds executed in 1952 is only 208 yards. The difference between this amount and the number of

yards originally conveyed to the grantor is the subject of the dispute between the parties. There is no evidence of other conveyances by the grantor prior to his death in 1953.

Neither the location nor the amount of the land to which title is now in dispute is at issue, because the parties stipulated that the disputed tract was the 6.7 acres lying directly north of, and contiguous to, the 90–yard strip conveyed to Gregorio in 1926. Under the stipulation, the land on which the residence is located belongs to defendant.

Plaintiff contended at trial that the 1952 deed to defendant was intended to satisfy the gift provided by will, and therefore, under the doctrine of ademption by satisfaction, defendant was entitled to nothing further under the will. She reasoned that after the initial gift to Gregorio, her grandfather thought he had approximately 141 yards; when he gave defendant a parcel 73 yards wide, he did so with the intent that the benefit conferred satisfy the gift he had intended to make by will. Plaintiff contended that a portion of the property was not conveyed by the deeds and must pass under the will. In her view, however, the disputed tract should pass to plaintiff as the successor-in-interest to the other three children, because their gifts under the will were only partially adeemed by the deeds they received.

Defendant contended at trial that the relevant rule of construction required the trial court to prefer the call in her deed to an adjacent landowner over the distance stated. She reasoned that it was more significant that her father described her parcel as adjoined by Gregorio's land on the south and by Ignacia's on the north than that he described it as 73 yards wide. She contended that the four deeds disposed of all the property the grantor then owned. In her view, the yardage in the other deeds was correct, and she should receive all the property the grantor had not expressly given to her siblings.

The trial court found that the deed from Pedro Salazar to defendant "is vague and ambiguous, and that all of the * * * Deeds executed on November 29, 1952 were prepared based on a mistake of fact as to the width in yards of the property [he] owned on said date." The court also found that Pedro Salazar intended "by his execution and delivery of the Deeds of November 29, 1952, to distribute his property in accordance with, among other things, the intent expressed in his Last Will and Testament, dated July 10, 1951." The court further found that he "intended [by the execution and delivery of the deeds] to convey all of his real property, which real property was the same that he intended to dispose of by his Will * * * and which included all of the property depicted on the Plat" except the 90 yards previously conveyed to Gregorio.

The court concluded "that the intention of * * * Pedro A. Salazar, was, by the execution of four (4) Deeds in November, 1952, to satisfy the testamentary disposition [he] intended, * * * as expressed in his Last Will and Testament of July 10, 1951, among other things, and in light of all surrounding circumstances." The court further concluded "that, considering the Deeds affecting the property in question, the Last Will and Testament of Pedro A. Salazar, among other things, and all of the surrounding circumstances, that it was [his] intent * * * to convey to the defendant * * *, one half of the disputed property and the remaining one half thereof to [plaintiff's predecessors-in-interest]."

DISCUSSION.

■ It is not clear from the court's findings and conclusions that the judgment was intended to dispose of the disputed tract pursuant to the will. However, we should reconcile seeming inconsistencies to avoid what may be challenged as contradictory. *City of Raton v. Vermejo Conservancy Dist.*, 101 N.M. 95, 678 P.2d 1170 (1984). Where an issue to be determined rests upon the interpretation of documentary evidence, an appellate court is in as good a position as the trial court to determine the facts and draw its own conclusions. *Id.*

The trial court found that the grantor intended by the deeds executed in 1952 to

distribute his property in accordance with his will. Both parties have viewed this finding as a determination that the grantor intended to give defendant the same gift he had provided by will. Assuming they are correct, such a finding is not supported by the evidence.

■ First, the 73 yards conveyed to defendant is more than half the total number of yards (118) stated in the four deeds executed in 1952. Second, the 45 yards and 2 feet conveyed to plaintiff's predecessors-in-interest is less than half that number. Third, the 15 yards and 2 feet conveyed to Gregorio exceeded the interest the grantor gave each of his daughters other than defendant. Because of these differences, the documentary evidence does not support a finding that the grantor intended in 1952 to duplicate the gifts he had provided in his prior will. An erroneous finding not necessary to the judgment may be ignored. *Specter v. Specter,* 85 N.M. 112, 509 P.2d 879 (1973).

The documentary evidence does support a conclusion that the grantor intended to substitute four specific gifts for the more general testamentary provisions he had made. The trial court found, and the parties concede, that defendant's deed is ambiguous and thus must be construed. *See Atlantic Ref. Co. v. Beach,* 78 N.M. 634, 436 P.2d 107 (1968). The first issue that must be addressed is whether defendant's deed contains a sufficient description to convey the disputed tract.

■ The sufficiency of a description is not governed by any inflexible rule or set of rules. *First Sav. Bank & Trust Co., Albuquerque v. Elgin,* 29 N.M. 595, 225 P.2d 582 (1924). The description of the deed must be certain or capable of being reduced to certainty by something extrinsic to which the deed refers. *Komadina v. Edmondson,* 81 N.M. 467, 468 P.2d 632 (1970). Where the description in the deed is uncertain, extrinsic evidence may be used to ascertain the intent of the grantor. *Garcia v. Garcia,* 86 N.M. 503, 525 P.2d 863 (1974). It is sufficient, for example, if the deed refers to another instrument or document. *Hughes v. Meem,* 70 N.M. 122, 371 P.2d 235 (1962). The court should place itself in the situation of the grantor and endeavor to discover and effectuate his or her intent. *See First Sav. Bank & Trust Co., Albuquerque v. Elgin.*

■ Rules of construction are aids used in determining a grantor's intent when a deed is ambiguous. *Atlantic Ref. Co. v. Beach.* Generally, a call for an adjacent boundary prevails over a call for distance where there is an inconsistency between such calls. *See Olivas v. Garcia,* 64 N.M. 419, 329 P.2d 435 (1958). The rule is based on a preference for the more certain call. However, it does not apply if the call is to an unmarked boundary, and there is evidence of a mistake as to that boundary. *Standefer v. Vaughan,* 219 S.W. 484 (Tex.Civ.App.1920). It also does not apply where there are conflicting monuments. *See Duane v. Saltaformaggio,* 455 So.2d 753 (Miss.1984). In such cases as here, where the preferred call is not more certain, the reason for applying the rule disappears. We therefore decline to apply the rule in this case.

Each of the four deeds executed in 1952 refers to at least one boundary established by another of the deeds. The evidence showed they were prepared at the same time and that each was based on figures provided by Gregorio, who had paced or measured the property at his father's request. The trial court found, and the parties agree, that the grantor intended to convey all of the property he owned. On these facts, defendant's deed should not be construed in isolation, and the four deeds should be construed consistently.

The rule preferring monuments over distances might be viewed as supporting the district court's conclusion that the grantor intended to give away all his property, but so applied the rule is not dispositive. Once we construe the deeds as an attempt to dispose of all property prior to death, we are left with the problem of locating the

interior boundaries. Any attempt to assign the "missing" yardage to a particular parcel fails because the result is wholly dependent upon which of the deeds is read first.

Defendant contends that her deed contains the ambiguity that must be removed by construction. Her argument rests on the premise that both her boundaries are fixed and that there is a conflict between calls. The record does not support this premise.

Defendant's deed specified that her 73 yards was to be measured from the northern boundary of the 90–yard parcel conveyed to Gregorio in 1926. If all of the parcels were assigned locations beginning from that boundary, defendant's northern boundary is established by the call for distance.

The evidence at trial disclosed a different ambiguity, one that affected all four deeds. The stated number of yards do not encompass the entire distance from the northern end of the property to the 90–yard strip conveyed in 1926, but the evidence showed the grantor intended to dispose of all property. Although defendant's deed specified that her 73 yards was to be measured from Gregorio's 90–yard parcel, the evidence at trial indicated Gregorio measured from the north. In this case, then, the preferred call is not more certain, and the rule of construction is not applicable. *Cf. Olivas v. Garcia* (rule applies only if person named actually owns adjacent lot). We conclude that the description in defendant's deed is not sufficient to convey the disputed tract.

■ If a decedent fails to dispose of all of his property prior to death, that property must pass either by intestate succession or pursuant to a valid will. In this case, the disputed tract was part of the grantor's estate when he died, and the dispositive document was his 1951 will. Plaintiff contends that defendant is not entitled to claim under the will because the grantor had given her an equal or greater gift in 1952. *See In re Williams' Will*, 71 N.M. 39, 376

P.2d 3 (1962). Plaintiff argues that, on these facts, a presumption of complete satisfaction as to defendant's gift arises, but the other testamentary gifts are presumed partially satisfied. *Id.* We disagree.

The common law doctrine of satisfaction has been defined as follows:

A general or residuary legacy may be satisfied in whole or in part by testator's inter vivos gift to the legatee after the execution of the will, if the testator so intends. When the testator stands in loco parentis to the legatee, his gift is presumed to be intended as satisfaction of the legacy. By the prevailing view the doctrine of satisfaction does not apply to devises of land.

T. Atkinson, *Law of Wills* § 133 (1953). We note that the New Mexico Probate Code provision as to satisfaction is not applicable. *See* NMSA 1978, § 45–2–612(A); 1975 N.M. Laws, ch. 257, § 10–101 (making the Code effective as to the affairs of decedents dying after July 1, 1976).

Traditionally, the doctrine of ademption by satisfaction was not applied to devises of land. *See Graham v. Karr*, 331 Mo. 1157, 55 S.W.2d 995 (1932); *cf. In re Estate of Bierstedt*, 254 Iowa 772, 119 N.W.2d 234 (1963) (applying the doctrine of ademption by extinction to a guardian's sale of the testator ward's realty). It has been said that it "applies only to the ademption of a bequest or legacy of personal property * * * ." *In re Williams' Will*, 71 N.M. at 64, 376 P.2d at 20 (quoting *Page on Wills* (Lifetime Ed.), Vol. 4, § 1533 and applying the doctrine to general legacies); *see also* 6 W. Bowe & D. Parker, *Page on the Law of Wills* § 54.21 (1962).

Plaintiff notes that the traditional rule has not been followed in every jurisdiction. *See Hansbrough's Executor's v. Hooe*, 39 Va. (12 Leigh) 316, 37 Am.Dec. 659 (1841), and argues that the court should apply the doctrine to these facts in order to effectuate the grantor's intent. We disagree.

■ The great weight of authority is that a devise of land cannot be satisfied

except by a conveyance of the same land. 6 *Page on the Law of Wills* § 54.37. Further, a general devise of realty is not adeemed by a conveyance of specific realty. *Graham v. Karr.* Finally, ademption is not presumed unless the subject matter of the testamentary gift and the subject matter of the subsequent gift are of the same kind. 6 *Page on the Law of Wills* § 54.33.

■ In this case, the grantor made a general devise of his real property. The four deeds made specific gifts of a portion of his real property. Because of the differences between the gifts made by deed and the testamentary provisions, the presumption of satisfaction upon which plaintiff relies does not arise.

Plaintiff had the burden of establishing the testator's intent. 6 *Page on the Law of Wills* § 54.26. This she failed to do. *See In re Williams' Will; Graham v. Karr.*

In addition, the policy underlying ademption by satisfaction would not be served by applying it to eliminate defendant's interest under the will. The doctrine serves the policy of preventing duplicate gifts or double portions. *Richardson v. Eveland,* 126 Ill. 37, 18 N.E. 308 (1888). The doctrine should be applied to give effect to the intent of the testator and not to secure the interests of other beneficiaries against his wishes. *See In re Williams' Will.*

The evidence showed the grantor intended to dispose of all of his property. The trial court found that he miscalculated the amount of property he then owned. Although defendant challenged this finding, the documentary evidence supports it.

The record does not support an inference that the grantor would have given all the missing yardage to plaintiff's predecessors-in-interest had he correctly calculated the size of his property, yet this is the effect of plaintiff's argument. Because the evidence does not support that inference, the result plaintiff seeks must be viewed as an extra portion for her predecessors-in-interest at defendant's expense. This would produce a result the doctrine is designed to prevent.

*See Richardson v. Eveland.* Under these circumstances, any presumption of satisfaction is rebutted. *Id.*

CONCLUSION.

The parties have stipulated to the location and size of the tract in dispute. We determine that the disputed tract was not conveyed by the deeds and was, therefore, still owned by Pedro Salazar at his death. Thus, it is subject to the operation of his will. The doctrine of satisfaction does not operate to eliminate defendant's interest under the will. The trial court's judgment should be affirmed. No costs are awarded.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.