This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MICHAEL BLOCK,**

Plaintiff-Appellant,

v.                                                                    NO.   31,845

**HOLIDAY PARK NEIGHBORHOOD ASSOCIATION, INC., and its officers and/or board members, STEPHEN AUSHERMAN, JACKIE MIRABAL, GARY BODMAN, MAX DECKER, BARBARA COFFMAN, JOE ABBIN, J.C. DUGGER, RANDY MARSHALL, JANIE HUGHES, JAN GORALCZYK, and ELLEN BENICHECK, a/k/a ELLEN JANE BENICHEK,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Theodore C. Baca, District Judge**

Michael Block
Albuquerque, NM

Pro Se Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward Ricco
Albuquerque, NM

for Appellees Coffman, Decker, and Mirabal

Simone, Roberts & Weiss, P.A.
David W. Frizzell
Albuquerque, NM

for Appellee Bodman

Miller Stratvert, P.A.
Matthew S. Rappaport
Erica R. Neff
Albuquerque, NM

for Appellees Hughes and Goralcyzk

Law Offices of Bruce S. McDonald
Daniel Ulibarri
Albuquerque, NM

for Appellee Benicheck

Stephen Ausherman
Joe Abbin
J.C. Dugger
Albuquerque, NM

Pro Se Appellees

## MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

In its calendar notice, this Court proposed to dismiss Plaintiff's appeal. As discussed, even if we were to consider that a notice of appeal was timely filed, it was not timely filed *with the district court clerk*, as required by Rule 12-201(A)(2) NMRA

(stating that "[a] notice of appeal shall be filed . . . within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office"). Plaintiff has filed a memorandum in response to the calendar notice that we have duly considered. [Ct. App. File, Memorandum Response] Unpersuaded, however, we dismiss Plaintiff's appeal.

**I.      DISCUSSION**

**A.      Applicable Law**

"Determining whether [an] appeal was timely involves the interpretation of court rules, which we review de novo." *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 7, 145 N.M. 650, 203 P.3d 865. The requirements of time and place of filing of a notice of appeal are mandatory preconditions to this Court's exercise of jurisdiction over an appeal. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (explaining that time and place of filing notice of appeal is a mandatory precondition to appellate jurisdiction). Generally, an appellate court will only exercise discretion to hear an untimely appeal if a court has somehow misled the parties, or if deviation from mandatory requirements is truly minimal. *See Chavez v. U-Haul Co. of N.M., Inc.*, 1997-NMSC-051, ¶¶ 19-22, 124 N.M. 165, 947 P.2d 122 (hearing an appeal where notice was filed fifty-eight minutes late). "Only the most unusual circumstances beyond the control of the parties—such as error on the part of the

court—will warrant overlooking procedural defects." *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994).

**B.    Background**

On August 7, 2007, Plaintiff filed a "Complaint to Enforce Plaintiff's Right to the List of Members of the [Defendants Neighborhood] Association and for Writ of Mandamus and Damages." (Emphasis omitted.) [RP 1] Within approximately four months of filing the complaint, on December 13, 2007, the district court ordered Defendants to deliver the membership list to Plaintiff. [RP 113-14] Thereafter, the district court denied Plaintiff's claims for compensatory and punitive damages by letter decisions, and a final order filed on March 3, 2011. [RP 571] On March 17, 2011, Plaintiff filed a timely post-judgment motion under NMSA 1978, Section 39-1-1 (1953), entitled "motion to alter or amend" the March 3, 2011 judgment. [RP 574] Defendants filed a response to Plaintiff's motion on April 4, 2011. [RP 584] On October 20, 2011, the district court filed an order denying Plaintiff's motion. [RP 597] Plaintiff filed a notice of appeal *in this Court* on Monday, November 21, 2011. [Ct. App. File, RP 602] The notice of appeal Plaintiff filed by her counsel in the district court clerk's office contains a date stamp of November 29, 2011. [RP 602]

**C.    Analysis**

Under Rule 12-201(A), the notice of appeal filed *in this Court* on November 21, 2011, was timely filed, but it was filed in the wrong place. Under Rule 12-201(A), the notice of appeal filed in the district court clerk's office on November 29, 2011, was filed in the correct place, but it is untimely, i.e., filed more than thirty (30) days after the October 20, 2011, district court order appealed from.

Plaintiff states in her docketing statement that the notice of appeal was timely filed—she does not state where—on November 21, 2012, but then states: "[Y]et due to issues with electronic filing[,] it was noted as filed on November 28, 2011, however[,] the Court [r]ule states that the filing dates back to the date the filing was rejected by the computer service." [DS 5] Since this Court issued its calendar notice, Plaintiff has continued to concentrate her efforts on attempting to show the *timely* filing of the notice of appeal by failed electronic transmission. [Ct. App. File, Memorandum Response] In the calendar notice, however, this Court proposed to dismiss because, even if timely, the notice of appeal was not filed in the correct place—with the district court clerk.

For example, the November 19, 2012, email Plaintiff attached to her memorandum response from "Terri," who apparently currently assists in John McCall's office. John McCall was Plaintiff's attorney in the fall of 2011, and has since withdrawn from representing her, states that the "clerk was noticed."

5

[Memorandum Response, 4] The email does not indicate *when or how* the district court clerk was noticed, whereas the record proper indicates that a notice of appeal was *untimely* filed with *the district court clerk* on November 29, 2011. [RP 602] Moreover, the notice of appeal filed on November 21, 2011, in this Court, contains no evidence that the district court clerk was served on that date by electronic filing or otherwise. [Id.] Similarly, the notice of appeal untimely filed in district court on November 29, 2011, does not indicate it was electronically filed, or attempted to be electronically filed. As such, Plaintiff has not provided any basis to support her argument that the November 29, 2011, late filing should relate back to November 21, 2011, such as her compliance with Rule 1-005.2 NMRA procedures for obtaining date, time, and confirmation of filing or aborted filing. *See also* Rule 12-307.2 NMRA (relating to electronic service and filing of pleadings and other papers in this Court). In the calendar notice, we specifically noted that the certificate of service attached to the copy of the notice of appeal filed in this Court on November 21, 2011, and in district court on November 29, 2011, states that, on November 21, 2011, a copy of the notice of appeal was mailed or hand delivered by counsel to the following list of persons: the opposing parties, the district court *reporter*, the Court of Appeals Clerk, and the district court *judge.* [RP 603] There is no mention of service on the district court clerk by electronic filing, attempted or otherwise, or of hand delivery to

6

the district court clerk, on or before November 21, 2011, as required by Rule 12-201(A). *See, e.g.*, *Maestas v. Martinez*, 107 N.M. 91, 93, 752 P.2d 1107, 1109 (Ct. App. 1988) (stating that a reviewing court may not assess the weight of evidence except "[w]here an issue to be determined rests upon the interpretation of documentary evidence").

Under the circumstances, we dismiss the appeal because this Court lacks jurisdiction over it. Moreover, there appears to be no unusual circumstances warranting the exercise of our discretion in this case. *See, e.g.*, *Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶ 25, 274 P.3d 766 ("Simply being confused or uncertain about the appropriate procedure for seeking review is not the sort of unusual circumstance beyond the control of a party that will justify an untimely filing.").

**D.      Plaintiff's Motion For Stay of Appeal Deadlines Through April 30, 2013**

As discussed in the calendar notice, pursuant to Plaintiff's illnesses and note from her doctor, this Court previously stayed Plaintiff's responsibilities to respond to Defendants' motion to dismiss and to this Court's notices, if any, until September 17, 2012. [*See* Ct. App. File, Order filed on June 20, 2012] In the June 20, 2012 order, we also ordered, however, that Plaintiff arrange and pay for the record proper to be filed in this Court for the express purpose of determining whether this Court has

7

jurisdiction over the appeal. This Court has the duty to determine whether it has jurisdiction over an appeal. It will examine the record and, if required, it will sua sponte question its jurisdiction. *See Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300 ("Indeed, it is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them."); *see also Rice v. Gonzales*, 79 N.M. 377, 378, 444 P.2d 288, 289 (1968); *Mimbres Valley Irrigation Co. v. Salopek*, 2006-NMCA-093, ¶ 9, 140 N.M. 168, 140 P.3d 1117.

We have now examined the record proper, the applicable rules, and case law, and, for the reasons discussed above, we hold that this Court lacks jurisdiction over the appeal. Because we dismiss the appeal, Plaintiff's motion for another stay of any deadlines in this appeal due to her illnesses is rendered moot.

**II.    CONCLUSION**

We dismiss Plaintiff's appeal because we lack jurisdiction to decide it on the merits.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**


_____

**LINDA M. VANZI, Judge**